MILLS v. RUSSELL MFG. CO.

(Circuit Court of Appeals, Second Circuit. March 7, 1906.)

No. 136.

PATENTS—INFRINGEMENT—CARTRIDGE BELTS.
    The Mills patents, Nos. 756,177 and 756,178, for cartridge belts, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 136 Fed. 874.

This cause comes here upon appeal from a decree of the Circuit Court, District of Connecticut, dismissing a bill in equity. The suit is for alleged infringement of two United States letters patent. The first is No. 756,177, dated March 29, 1904, to complainant for seamless woven cartridge belt. The second is No. 756,178, dated March 29, 1904, to the same patentee for a cartridge belt.

Marcellus Bailey, for appellant.

H. A. Seymour, for appellee.

Before LACOMBE and COXE, Circuit Judges.

PER CURIAM. The judge who heard the cause at circuit held the first patent to be void for lack of patentable novelty. Without reviewing his discussion of that branch of the case, or expressing any opinion thereon, we are of the opinion that his decree must be sustained. The patent is manifestly not a broad one. Even if it be construed as valid and as covering not only the narrow tongues which prolong the so-called narrowed ends of the belt, but also the narrowed ends themselves, the defendant's device is not within the scope of the claim. The specification and the drawings show that the ends are materially narrower than the belt itself. "These ends [of the belt] are narrowed to permit of the use of fastening devices of small dimensions, which do not extend to the body of the belt." The object of this improvement is pointed out in the testimony of the patentee. The end fasteners hook back into the belt somewhere near the hips. Were the metal end fastening as wide as the belt, it would bring its sharp projections against the body between hip and ribs and would tend to bruise and abrade the flesh over the hips and ribs when the body was bent, because the metal fastener was not yielding as was the woven belt, even with cartridges in it. The narrowed ends permitted the use of a fastener which according to the drawing was more than one-third less than the width of the belt, and which manifestly must to a considerable extent have accomplished the result sought for. But in defendant's belt there are in reality no narrowed ends at all; the square corners of the wide belt end have been simply rounded off, so that the metal fastener has a round instead of a sharp corner. But it is as wide as the belt and must be as much of an obstruction as was the old one to the free bending over of the body, where it is located when fastened back on

the belt. If the mere narrowing of the ends of the belt be patentable, as to which we do not express an opinion, the defendant's device is not within the patent, for its ends are not in any real or functional sense narrowed at all.

As to the second patent, we concur fully in the opinion of Judge Platt holding noninfringement.

The decree is affirmed, with costs.